UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARNOLD LANE,<br><br>        Plaintiff,<br><br>v.<br><br>LAYLA SCHADE, et al.,<br><br>        Defendants. | Civil Action No.: 15-cv-01568 (PGS)<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on a motion to dismiss Plaintiff's Amended Complaint brought by Defendants Bruce Lane, Jennifer Nersesian, Alma Ripps, and Jonathan Jarvis (ECF No. 40). Plaintiff is proceeding pro se, and therefore the Court construes the pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89 (2007). At oral argument, the Assistant United States Attorney indicated that he brought the motion to dismiss because Plaintiff has demanded depositions of high ranking officials who have little or no knowledge of the matter. The Court will first decide the motion, and subsequently address the discovery issue. Inasmuch as this memorandum is to assist the parties in the litigation, not all of the facts are set forth.

      In an Order dated February 28, 2017 (ECF No. 31), the Court granted Defendants' motion to dismiss injunctive-relief claims (Count 10) because there was a lack of standing and lack of subject matter jurisdiction. The court also dismissed the supervisory claims against defendants Jennifer Nersesian, Bruce Lane, Alma Ripps, and Jonathan Jarvis for failure to state a claim. The Court permitted Plaintiff to amend.

      On March 27, 2017, Plaintiff filed an Amended Complaint. In the Amended Complaint, Plaintiff avers that there is a policy regarding Sandy Hook Park entitled "Standard Operation Procedures and Guidelines for Disposition of Offenders/Enforcement Action at the Sandy Hook

Unit of Gateway" (Local Policy), which prohibits an individual who has been charged with an offense from returning to Sandy Hook Park until after there is a hearing before a magistrate judge (Amended Complaint ¶ 49-53). Due to this Local Policy, park rangers at Sandy Hook removed and seized the Plaintiff's annual beach pass from his vehicle. Thereafter, Magistrate Judge Mautone allegedly found the prohibition of Plaintiff from Sandy Hook as unconstitutional because "the Courts were the only authority that could invoke a sentence." (Amended Complaint ¶ Para. 54). Moreover, Plaintiff avers that the Local Policy may be used against him in the future. Plaintiff alleges that he engaged in multiple communications with Jennifer Nersesian (Superintendent, Gateway National Park) and Bruce Lane (a Chief Law Enforcement Ranger) about the Local Policy. It is alleged that Nersesian and Lane indicated that the Local Policy had been adopted in the 1980s. (Amended Complaint ¶ 60). Plaintiff further alleges that he was "harassed in 2015 by law enforcement officers following his attempt to safely visit Sandy Hook following a 2014 arrest" (Amended Complaint ¶ 61). Plaintiff alleges that despite Judge Mautone's decision, no action has been taken to amend the Local Policy. Plaintiff further alleges that the Local Policy conflicts with "national policy" of the Park Service. Amended Complaint ¶ 62-63.

I.

In the Amended Complaint, Plaintiff avers that the enforcement of the Local Policy gives rise to two forms of relief. First, the confiscation of the annual pass is an element of compensatory damage. That is, Plaintiff was deprived of its value since his season pass was confiscated by the rangers at the time of the arrest; and he was deprived use of the season pass for the remaining part of the season. Second, Plaintiff seeks to declare the Local Policy unconstitutional, and to enjoin its future enforcement by rangers. Previously I denied injunctive

relief because there was no showing of irreparable harm or threat of harm in the future to the Plaintiff. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); O'Shea v. Littleton, 414 U.S. 488, 502 (1974); but the new allegations require a different result. Within the Amended Complaint there are sufficient facts alleged to show threat of harm is likely to occur against Plaintiff by enforcement of the Local Policy. That is, Plaintiff alleges that the Local Policy is still being enforced despite Judge Mautone's ruling, and Plaintiff has had another incident with the arresting rangers. This is sufficient proof of harm to allow the injunctive relief count to proceed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). *Torres v. Davis*, 506 F. Appx. 98, 100 (3d Cir. 2012)

By permitting Count 10 to proceed, this complicates the litigation. Within Count 10, Plaintiff seeks injunctive relief which is an equitable remedy that the Court decides; and it requests declaratory relief that the Local Policy is unconstitutional, which is another issue the Court decides. As such, the resolution of Count 10 shall be resolved through usual motion practice.

II.

With regard to the motion to dismiss officials of the National Park Service and discovery, the Plaintiff seeks to sue and depose Bruce Lane (Chief Ranger at Sandy Hook), Jennifer Nersesian (Superintendent Gateway National Park), Alma Ripps (National Policy Manager), and Jonathan Jarvis (Director of the National Parks) with regard to the Local Policy. From a review of the Amended Complaint and the motion papers, Nersesian, Ripps and Jarvis have no personal involvement in the damages case; nor significant knowledge of the application of the Local Policy in this case. As such, I will dismiss them from the case. Bruce Lane is the Chief Ranger,

and has knowledge of the Local Policy and how it is enforced. As such, Lane shall remain a defendant and is subject to being deposed.

ORDER

IT IS on this 23rd day of July, 2017;

ORDERED that Defendants' motion to dismiss (ECF No. 40) is granted in part and denied in part as to Jennifer Nersesian, Alma Ripps and Jonathan Jarvis; and it is further

ORDERED that the motion to dismiss Nersesian, Ripps and Jarvis is granted; and it if further

ORDERED that the motion to dismiss with respect to Bruce Lane is denied; and it is further

ORDERED that the deposition of officials of the National Park Service is limited to Bruce Lane; and it is further

ORDERED that Count 10 of the Complaint shall be resolved through motion practice.

_____
PETER G. SHERIDAN, U.S.D.J